NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0260n.06

Case No. 24-5460

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>CHELSEA WITHERS,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>THE NASHVILLE HISTORIC CEMETERY ASSOCIATION, LLC d/b/a Mount Olivet Funeral Home and Cemetery,<br><br>    Defendant-Appellee.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE<br><br><br>OPINION</td></tr>
</table>

Before: BATCHELDER, GIBBONS, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Chelsea Withers sued her former employer, Mount Olivet Funeral Home and Cemetery (Mount Olivet), alleging numerous claims under the Americans with Disabilities Act (ADA). The district court granted Mount Olivet's motion for summary judgment and dismissed the case. We affirm.

Withers began working at Mount Olivet on May 1, 2019, in a part-time, as-needed position as a Funeral Services Assistant. After Withers began employment, she informed her employer that she suffers from Tricuspid Atresia, which is a congenital heart defect, and respiratory failure. These conditions required her to use supplemental oxygen and occasionally decline certain shifts due to medical appointments or complications.

In February 2021, Withers texted her supervisors, Rodney Wells and Brian Davidson, asking for permission to store her oxygen tank in a storage area. In her accommodation request, Withers offered to "organize and clean that whole room" to make space for her oxygen tank. Wells and

Davidson approved her request; however, neither Withers nor anyone else ever cleared out the room. Regardless, Withers stated that no one denied her accommodation request and that she had no complaints with how her request was handled.

On April 23, 2021, Wells informed Withers that she would be working on a strictly on-call basis. This was due to a reduced need for part-time employees, the reassignment of a full-time manager to the Mount Olivet location, and complaints that Wells had received from coworkers about Withers. During this conversation, her health was not mentioned, nor did Withers indicate that her need to take breaks was related to using oxygen.

Unbeknownst to Withers, this conversation marked her final day of work at Mount Olivet, as she was never called in again. A few months later, Withers called Mount Olivet to speak with Wells about returning to work, but he was unavailable. On June 16 and July 29, 2021, Withers texted Wells to ask about available work opportunities and whether she would need to complete a training. She received no response to these inquiries. In late 2021, Withers changed her cell-phone number and had no further contact with Mount Olivet.

Due to the prolonged lack of communication and the need to update company records, Wells emailed Brian Price, Mount Olivet's human resources manager, on April 25, 2022, requesting the termination of Withers and another part-time employee who also had not worked in some time. Price approved the terminations and drafted the termination letters, but Withers's letter was not postmarked until May 4, 2022. Withers received the letter on May 6, 2022, and responded by text message two days later. In her message, she stated that she had attempted to contact Wells but acknowledged she had changed her phone number without informing Mount Olivet. In her May 8 response, Withers did not expressly request to remain employed, and Mount Olivet considered her termination effective as of May 4, 2022.

Meanwhile, on September 30, 2021, Withers had filed a Charge of Discrimination against Mount Olivet with the EEOC. The EEOC made several attempts to contact Mount Olivet regarding the charge but was unsuccessful. It was not until May 4, 2022—the same day Withers's termination letter was mailed—that a paralegal with Mount Olivet's corporate office became aware of the EEOC charge. Wells and Price, who oversaw the drafting and sending of Withers's termination letter, did not learn of the EEOC charge until May 6, 2022. Withers does not dispute that Wells and Price had decided to terminate her back on April 25, 2022, as documented in the email.

Withers sued Mount Olivet, alleging violations of the Americans with Disabilities Act (ADA) on three grounds: (1) discrimination based on her protected disability, (2) failure to engage in the interactive process and provide reasonable accommodations, and (3) retaliation for engaging in protected conduct—specifically, requesting an accommodation and, later, filing an EEOC charge. The district court granted summary judgment in favor of Mount Olivet on all claims, finding that Withers (1) failed to show that Mount Olivet did not accommodate her request; (2) failed to show that she was discriminated against on the basis of her disability, in that she did not establish that Mount Olivet replaced her; and (3) failed to establish a prima facie case of retaliation. With regard to the retaliation claim, the district court held first that Withers had not shown that Wells and Price were aware of the EEOC charge when her employment was terminated. Further, the district court held that Withers's claim that Mount Olivet reduced her shifts in retaliation for her having requested an accommodation failed because the length of time between her requesting the accommodation and the reduction of her shifts was too long to qualify as evidence of causation in the absence of some other evidence of retaliation.

On appeal, Withers challenges only the district court's ruling that she failed to establish a prima facie case of retaliation. But as the district court found—and explained thoroughly—Withers has provided no evidence by which a jury could find that Wells and Price retaliated against her for seeking an accommodation or filing the EEOC charge. She concedes that they granted her accommodation request and reduced her hours for reasons wholly unrelated to her disability. And they decided to terminate Withers at least a week before they learned of the EEOC charge.

After carefully reviewing the record, the law, and the parties' briefs on appeal, we conclude that the district court correctly set out the facts and the applicable law and correctly applied that law to those facts. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.